UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KENDRA SHAPIRO, et al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. 3:05-CV-0772-B |
| § | ECF |
| BLOCKBUSTER, INC., § | |
| § | |
| Defendant. § | |

## MEMORANDUM ORDER

Before the Court is Plaintiff's Motion for Leave to Refile her Motion for Class Certification and Class Notice (doc. 19), filed November 17, 2005. After review of the pleadings, the Court **DENIES** Plaintiff's Motion and **ORDERS** that Plaintiff's class action allegations be stricken from her Complaint.

### I. BACKGROUND

This Fair Labor Standards Act class action suit was filed by Plaintiff on April 20, 2005. The Court's June 22, 2005 Scheduling Order set a deadline of August 22, 2005 for Plaintiff to file a motion for class certification. (doc. 10) On August 11, 2005, Plaintiff electronically filed a motion to extend the class certification deadline by one week - until August 29, 2005 - so she could depose three defense witnesses. The Court granted Plaintiff's Motion. On August 30, 2005, Plaintiff filed her Motion for Conditional Certification and Class Notice Pursuant to 29 U.S.C. § 216(b) with accompanying brief and appendix. However, because Plaintiff failed to comply with the Northern District's rules on electronic filing, the Court struck Plaintiff's motion, brief, and appendix that same day. Plaintiff received notice of the Court's action, but took no corrective steps at that time.

After receiving nothing from Plaintiff, the Court contacted Plaintiff's counsel by telephone in October to inquire whether Plaintiff intended to proceed with the case as a class action. Plaintiff's counsel stated his intention to maintain a class action and said he would file a motion for leave the next day. Again, however, Plaintiff took no action. Therefore, on November 8, 2005, the Court issued an order requiring Plaintiff to either explain why she had failed to comply with the Court's scheduling order regarding class certification or indicate that she no longer intended to pursue her case as a class action. (doc. 18) Plaintiff's response was due on November 16, 2006. Plaintiff then filed the instant Motion for Leave to Refile.[1] Defendant has responded, and the Court now turns to the merits of its decision.

## II. ANALYSIS

When a court has set deadlines in a scheduling order under Rule 16 of the Federal Rules of Civil Procedure, those deadlines "shall not be modified" absent a showing of good cause. FED. R. CIV. P. 16. "The 'good cause' standard focuses on the diligence of the party seeking a modification of the scheduling order." *Forge v. City of Dallas*, 2004 WL 1243151, at * 2 (N.D. Tex. June 4, 2004). A party's mere inadvertence to meet a deadline imposed by a scheduling order, and the absence of prejudice to the opposing side, are insufficient to establish good cause. Rather, one must show that "despite his diligence, he could not have reasonably met the scheduling deadline." *Id.* (quoting *Am. Tourmaline Fields v. Int'l Paper Co.*, 1998 WL 874825, at *1 (N.D. Tex. Dec. 7, 1998)). Courts typically consider four factors in examining good cause: (1) the explanation for the failure to meet the deadline; (2) the importance of the motion filed; (3) the prejudice in permitting the late-filing;

---

[1] The Court notes that while the Motion for Leave to Refile was electronically filed on November 16, 2005, the related brief and appendix were not electronically filed until November 17, 2005.

and (4) the availability of a continuation to cure any prejudice. *See Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997) (analyzing late supplementation of expert report).

Plaintiff's explanation for late filing is that counsel was misled by a publication that mislabeled the Local Rules for the Northern District of Texas and the Eastern District of Texas and, thus, thought he had properly signed the electronically filed document on August 30, 2005. Therefore, although Plaintiff "accepts some blame for the error," she places most of the blame on the 2005 edition of *O'Connor's Federal Rules: Civil Trials*. While Plaintiff's explanation would most likely have been sufficient had Plaintiff moved for leave to refile shortly after having her original motion unfiled, Plaintiff offers no excuse for her two and a half month delay in filing the instant Motion for Leave. Indeed, it is doubtful that Plaintiff would have filed the instant motion had the Court not issued its November 8, 2005 order requiring Plaintiff to explain her failure to file a class certification motion. Thus, Plaintiff's briefing does not reveal any explanation for the current delay in proceedings.

Defendant's response indicates a general frustration with the way Plaintiff has conducted this litigation - focusing more on media interviews than on meeting discovery deadlines. Defendant also asserts it will be prejudiced by the late filing of a class certification motion. Following the Court's decision to strike the class certification motion on August 30, 2005 and Plaintiff's subsequent failure to take any corrective action, Defendant has proceeded as if this case were not a class action. Neither Defendant nor Plaintiff have sought any class discovery since August 30. The discovery deadline is February 1, 2006, less than two months away. To convert this case from a single plaintiff lawsuit to a class action at this stage would certainly prejudice Defendant's preparation and would only encourage future litigants to treat scheduling orders as fluid deadlines, movable by the unilateral delay of one party.

In sum, Plaintiff failed to meet a court-ordered deadline and did nothing about it until ordered to by the Court. The Court simply cannot condone this type of conduct in litigation. Parties and counsel are entitled to know that the rules of procedure will be followed and that deadlines are firmly in place, absent a showing of good cause. Plaintiff's inadvertence in not following the Local Rules in filing her Motion for Class Certification in August may have been excusable, but her failure to attempt to refile the motion for two and a half months, and only then pursuant to a court order, is not. As such, the Court finds there is no good cause sufficient to permit Plaintiff to refile her Motion for Class Certification at this late time. Therefore, the Court **DENIES** Plaintiff's Motion for Leave.

### III.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Leave. The Court also **ORDERS** that Plaintiff's class action allegations be stricken from her Complaint as this case is no longer potentially a class action.

**SO ORDERED**.

SIGNED December __6th__, 2005

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE